UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Marc C. Gordon and Cynthia Callendar Gordon, dba "Sleep Master<sup>TM</sup>,"<br><br>　　　　　　　　　　　　Plaintiffs,<br>　v.<br>Me & You, Inc., a Colorado corporation; Dream Essentials, LLC, a North Carolina limited liability company, Does 1-10,<br>　　　　　　　　　　　　Defendants. | Case No. 2:12-cv-02183-MMD-GWF<br><br>ORDER<br><br>(Plfs.' Motion for Default Judgment – dkt. no. 15) |

## I.  SUMMARY

Before the Court is Plaintiffs Marc C. Gordon and Cynthia Callendar Gordon, dba "Sleep Master<sup>TM</sup>"'s Motion for Default Judgment against Defendant Me & You, Inc. ("Motion"). (Dkt. no. 15.) Me & You, Inc. has not responded. For the reasons stated below, the Motion is granted.

## II.  BACKGROUND

On December 21, 2012, Plaintiffs filed a Complaint against Defendants Me & You, Inc. and Dream Essentials, LLC, as well as doe defendants. (Dkt. no. 1 at 2.) The Complaint alleges the following facts. On November 5, 2002, Plaintiffs were issued Patent Number D 465,234 S ("the Patent") for their Sound Muffling Sleep Mask ("Sleep Master Sleep Mask"). (*Id.*) Plaintiffs did not license or assign any right to the Patent and were the sole manufacturers of the Sleep Master Sleep Mask at all times. (*Id.*) Me &

You, Inc. manufactures the Sleep On It Mask sleep mask ("Sleep On It Mask"). (*Id.*) Me & You, Inc., individually or in concert with Dream Essentials, LLC, markets and sells the Sleep On It Mask on www.mysleeponit.com as well as other locations. (*Id.* at 3.)

Plaintiffs assert a claim for patent infringement, alleging that the Sleep On It Mask embodies Plaintiffs' patented Sleep Master Sleep Mask and that Defendants are infringing on this patent by manufacturing, selling, and using the Sleep On It Mask. (*Id.* at 5.) Plaintiffs also assert a claim for unfair competition and trade dress infringement and dilution pursuant to 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), alleging that, by marketing and selling the Sleep On It Mask, Defendants are confusing customers, deceiving customers as to the source of the product, and diluting and tarnishing the quality of Plaintiffs' trade dress. (*Id.* at 6.) Plaintiffs further assert common law claims for unfair and deceptive trade practices and for misappropriation, alleging that Defendants appropriated the Sleep Master Sleep Mask "design, color, and appearance" without permission from or providing compensation to Plaintiffs. (*Id.*)

Me & You, Inc. was served on March 20, 2013. (Dkt. no. 11.) Plaintiffs dismissed all claims against Dream Essential, LLC on February 11, 2013. (Dkt. no. 9.) On July 19, 2013, the Clerk of the Court entered default against Me & You, Inc. (Dkt. no. 14.) Plaintiffs now request default judgment against Me & You, Inc. (Dkt. no. 15 at 1.)

In the Motion, Plaintiffs request a permanent injunction preventing Me & You, Inc. from further infringing on Plaintiffs' Patent. (Dkt. no. 15, Ex.1.) Plaintiffs also request a permanent injunction restraining Me & You, Inc. from: (1) further infringing on Plaintiffs' trade dress; (2) engaging in any further acts of trade dress dilution and unfair competition; (3) "passing off" the Sleep On It Mask as the Sleep Master Sleep Mask; and (4) use of the Sleep Master Sleep Mask design, color, and appearance. (*Id.*)

## III. LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citation omitted). Nonetheless, although entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

IV. DISCUSSION

A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Me & You, Inc. pursuant to Fed. R. Civ. P. 55(a). (Dkt. no. 14.) Me & You, Inc. is not an infant or incompetent person and, insofar as Me & You, Inc. has not answered or otherwise responded to the Complaint, the notice requirement of Rule 55(b)(2) is not implicated. *See* Fed. R. Civ. P. 55(b)(2); *Produce Alliance, LLC v. Lombardo Imps., Inc.*, No. 2:12-cv-00433, 2013 WL 129428, at *2 (D. Nev. Jan. 9, 2013). Thus, there is no procedural impediment to entering a default judgment.

///

### B. *Eitel* Factors

#### 1. Possibility of Prejudice

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (S.D. Cal. 2002); *see also BMW of N. Am., LLC v. Quality Star Benzz, LLC*, No. 2:12-cv-00889, 2013 WL 1338233, at *2 (D. Nev. Mar. 29, 2013). Here, Me & You, Inc. has not answered, made an appearance, or otherwise responded to the Complaint. Due to Me & You, Inc.'s refusal to appear in this action, the possibility of prejudice to Plaintiffs in the absence of default judgment is great.

If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery. *See PepsiCo*, 238 F. Supp. 2d at 1177; *see also BMW of N. Am., LLC*, 2013 WL 1338233, at *2. Thus, this *Eitel* factor weighs in favor of entering default judgment.

#### 2. Substantive Merits and Sufficiency of the Complaint

The second and third *Eitel* factors favor a default judgment where a complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in Rule 8" of the Federal Rules of Civil Procedure. *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978). Fed. R. Civ. P. 8(a)(2) requires that "[a] pleading . . . contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." In order to satisfy the Rule 8 requirement, the pleading must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667–678 (2009) (citation omitted).

In the instant action, Plaintiffs assert the following claims: (1) patent infringement; (2) trade dress infringement and dilution, and unfair competition; (3) unfair and deceptive trade practices; and (4) misappropriation.

##### a. Patent Infringement

Determining whether a patent has been infringed is a two-step process. *Halo Elecs., Inc. v. Pulse Eng'g*, 810 F. Supp. 2d 1173, 1183 (D. Nev. 2011). First, the court

must interpret the meaning and scope of the patent claim. *Id.* Second, the alleged infringing device must be compared to the claim. *Id.*

Plaintiffs have provided a copy of the Patent (dkt. no 1-1), alleged that the Sleep On It Mask embodies the patented Sleep Master Sleep Mask and alleged that Me & You, Inc. continues to infringe on Plaintiffs' Patent. (Dkt. no. 1 at 5.) Therefore, Plaintiff has alleged sufficient facts to support a default judgment on its patent infringement claim. *See, e.g., Robert Bosch LLC v. Juijiang Yada Traffic Equip. Co.*, No. 2:10-cv-1926, 2011 WL 1322534, at *3 (D. Nev. Apr. 4, 2011); *see also LG Elecs., Inc. v. Advanced Creative Computer Corp.*, 212 F. Supp. 2d 1171, 1176 (N.D. Cal. 2002).

### b. Trade Dress Infringement and Dilution; Unfair Competition

In order to state a claim of trade dress infringement under the Lanham Act, "a plaintiff must demonstrate that (1) the trade dress is nonfunctional, (2) the trade dress has acquired secondary meaning, and (3) there is a substantial likelihood of confusion between the plaintiff's and the defendant's products." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F. 3d 1138, 1145 (9th Cir. 2009).

The Complaint sufficiently alleges these factors. The Complaint states that the trade dress, including the color, is nonfunctional. (Dkt. no.1 at 7.) The Complaint alleges that the "Sleep Master$^{TM}$" brand signifies quality and has a reputation as the top selling sound muffling sleep mask. (*Id.* at 6.) The Complaint further alleges that the Sleep On It Mask, manufactured by Me & You, Inc., is confusingly similarly to the Plaintiffs' Sleep Master Sleep Mask. (*Id.*) Furthermore, the Complaint alleges that Me & You, Inc.'s product is confusing, and is likely to continue to confuse customers and deceive the public regarding its source. (*Id.*) Thus, the Court finds that Plaintiffs' Complaint contained sufficient factual allegations to state a claim of trade dress infringement.

In order to state a claim of trade dress dilution, Plaintiffs must allege sufficient facts to demonstrate that: "(1) the mark is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the defendant's use began after the mark

became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to distinguish goods and services." *General Motors Corp. v. Let's Make a Deal*, 223 F. Supp. 2d 1183, 1190-91 (D. Nev. 2002) (citation omitted).

Again, Plaintiffs have demonstrated these factors. The Complaint states that, due to continued use of the Sleep Master Sleep Mask trade dress, the trade dress has become famous and enjoys wide public recognition and association with Plaintiffs. (Dkt. no. 1 at 7.) The Complaint states that Me & You, Inc. has manufactured, distributed, and sold into interstate commerce a confusingly similar product and done so after Plaintiffs had established protectable rights in the Sleep Master Sleep Mask trade dress. (*Id.* at 8.) Finally, the Complaint states that Me & You, Inc. has diluted the Sleep Master Sleep Mask trade dress by causing confusion as to the source of the Sleep On It Mask. (*Id.*) Thus, the Court finds that Plaintiffs' Complaint alleges sufficient facts to state a claim of trade dress dilution.

### c. Unfair and Deceptive Trade Practices

In order to state a claim of deceptive trade practices, Plaintiffs must sufficiently allege that Me & You, Inc. violated Nevada law prohibiting specific types of business practices. Under Nevada law:

> "[a] person engages in a 'deceptive trade practice' if, in the course of his or her business or occupation, he or she:
> 1. Knowingly passes off goods . . . for sale . . . as those of another person.
> 2. Knowingly makes a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease.
> 3. Knowingly makes a false representation as to affiliation, connection, association with or certification by another person. . . ."

NRS § 598.0915. Here, the Complaint alleges that Me & You, Inc. knowingly and intentionally trades on the goodwill of the "Sleep Master$^{TM}$" trade dress, and has been passing off its goods as those of Plaintiffs'. (Dkt. no. 1 at 9, 10.) The Court finds that Plaintiffs' Complaint contains sufficient factual allegations to state a claim of deceptive trade practice.

///

### d. Misappropriation

In order to state a claim of misappropriation, Plaintiffs must allege: (1) that the misappropriation was of a valuable trade secret; (2) there was misappropriation of the trade secret through the use, disclosure, or nondisclosure of the trade secret; and (3) that the misappropriation was made by a party with a duty not to disclose. *Frantz v. Johnson*, 999 P.2d 351, 466 (Nev. 2000). Nevada law defines a "trade secret" to mean "information" that

> (a) Derives independent economic value . . . from not being generally known . . . and
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

NRS § 600A.030. Here, Plaintiffs do not allege that this claimed misappropriated information — the design, color and appearance of the Sleep Master Sleep Mask — constitutes a valuable trade secret, nor do Plaintiffs allege that the misappropriation was made by a party with a duty not to disclose. Thus, the Court finds that Plaintiffs' Complaint fails to state a claim of misappropriation.

In conclusion, Plaintiff has sufficiently pled three of four claims for relief — (1) patent infringement, (2) trade dress infringement and dilution, and (3) unfair and deceptive trade practices. Since the sufficiency of the Complaint favors granting default judgment as to each of these claims, the second and third *Eitel* factors favor granting default judgment.

### 3. Sum of Money at Stake

Under the fourth *Eitel* factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendants' conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *BMW of No. Am., LLC*, 2013 WL 1338233, at *4. "This requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010). Here, the Motion does not seek judgment for monetary damages. The Motion seeks only a permanent injunction restricting Me & You, Inc. from infringing on the Plaintiffs'

protectable rights. Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment.

### 4. Possible Dispute

The fifth *Eitel* factor considers the possibility of dispute as to any material fact in the case. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *BMW of No. Am., LLC*, 2013 WL 1338233, at *4. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Accordingly, no genuine dispute of material facts would preclude granting Plaintiff's motion.

### 5. Excusable Neglect

The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *BMW of No. Am., LLC*, 2013 WL 1338233, at *5. The evidence shows that Linda Oswald served Me & You, Inc. at its principle place of business with the Summons and Complaint on March 20, 2013, pursuant to Fed. R. Civ. P. 4(e). (Dkt. no. 11.) Defendant received service of the Summons and Complaint four (4) months prior to the Clerk's Entry of Default on July 19, 2013. (Dkt. no. 14.) Thus, given the extended period of time during which Me & You, Inc. had notice of the Complaint and in which it failed to answer or otherwise respond to the Complaint, it is unlikely that Me & You, Inc.'s failure to respond and subsequent default resulted from excusable neglect.

### 6. Decision on the Merits

The seventh *Eitel* factor provides that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the "mere existence of [Rule 55(b)] demonstrates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (citation omitted); *See BMW of No. Am., LLC*, 2013 WL 1338233, at *5. Moreover, Me & You, Inc.'s failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Thus, the Court is not precluded from entering default judgment against Me & You, Inc.

## V. CONCLUSION

It is therefore ordered that Plaintiff's Motion for Default Judgment (dkt. no. 15) is granted. The Court will enter the proposed order for a permanent injunction against Defendant Me & You, Inc.

DATED THIS 18th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE